# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN, MANSFIELD R. BROWN, WAYNE P. DeBERRY, HENRY C. SCOTT, | 1:08-cv-1859-DLB (PC) |
| Plaintiffs, | ORDER DISMISSING ACTION AS DUPLICATIVE |
| v. | ORDER DIRECTING CLERK OF COURT TO CLOSE CASE |
| STEPHEN MAYBERG, et al., | |
| Defendants. | |

  George N. Allen, Mansfield R. Brown, Wayne P. DeBerry, and Henry C. Scott ("Plaintiffs") are all confined from liberty as a result of civil commitments under California's Welfare & Institution Code sections 6600 et seq. Plaintiffs are proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

  The instant action was filed on December 4, 2008 against Stephen Mayberg and Pam Ahlin as a Petition for Writ of Mandate and civil suit alleging enactment of hospital regulations paying Plaintiffs unconstitutional sub-minimum wages for labor performed while confined at Coalinga State Hospital. (Doc. 1.) This action was initially designated as a general civil case concerning civil rights and was assigned case number 1:08-cv-01859-OWW-SMS (PC). Upon further review, it was determined that this action involves civil detainees litigating the conditions of confinement at a California state hospital such that the designation of the case was changed to

1

a prisoner civil rights action, new judges were assigned, and the case number was changed to 1:08-cv-01859-DLB.  (Docs. 3 & 4.)  Subsequently, all Plaintiffs consented to jurisdiction by U.S. Magistrate Judge.  (Docs. 5-8.)

Upon review of this case, the Court has concluded that the action submitted on December 4, 2008 involves a defendant, issues, and factual allegations that are identical to those previously raised in actions filed individually by the Plaintiffs as follows:

| | |
|---|---|
| 1:06-cv-01801-AWI-GSA | Allen v. Mayberg, et al. |
| 1:07-cv-00849-SMS | Brown v. Mayberg, et al. |
| 1:07-cv-00850-RC | DeBerry v. Mayberg, et al. |
| 1:07-cv-00897-BLW | Scott v. Mayberg, et al. |

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Id. (quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir.1 1977)(en banc)).  "[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Id. at 689.

The present action, 1:08-cv-01859-DLB, is duplicative of the Plaintiffs' prior individual suits.  Plaintiffs bring the same causes of action, regarding the same issues and factual allegations, in the same court.  The only significant difference is that Pam Ahlin was not named as a defendant in the Plaintiffs' previously filed lawsuits.  However, Ms. Ahlin is a named defendant in the case of Chaney v. Mayberg, et al., case number 1:08-cv-1196-BLW, with which the Plaintiffs' previously filed suits, and others, are anticipated to be consolidated in the near future.

Accordingly, in light of the duplicative nature of the instant action to the Plaintiffs' previously filed individual actions, the Court HEREBY ORDERS the instant action DISMISSED

///

1  as duplicative.  The Clerk of Court is DIRECTED to administratively close this action in
2  accordance with this Order.

4     IT IS SO ORDERED.
5     Dated:   **January 12, 2009**           /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE