# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE N. ALLEN, MANSFIELD R. BROWN, WAYNE P. DeBERRY, HENRY C. SCOTT, | 1:08-cv-1859-DLB (PC) |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |
| vs. | (Doc. 16) |
| MAYBERG, et al. | |
| Defendants. | |

On January 20, 2008, Plaintiffs George N. Allen, Mansfield R. Brown, Wayne P. DeBerry, and Henry C. Scott ("Plaintiffs") filed a Motion for Reconsideration of the Court's Order Dismissing Action as Duplicate. (Doc. 16.) Plaintiffs are all confined from liberty as a result of civil commitments under California's Welfare & Institution Code sections 6600 et seq.

To succeed on a motion for reconsideration, a party generally must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Cf. Fed. R. Civ. Pro. 60 (governing motions for reconsideration of final orders and judgments); Local Rule 78-230(k) (governing motions for reconsideration of orders resolving motions). The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-6 (9th Cir. 1988). Reconsideration is not to be used to ask the Court to rethink what it has already thought. United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry

1

the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In this motion, Plaintiffs contend that this action should not have been dismissed as they are not allowed to pursue Fair Labor Standards Act ("F.L.S.A.") claims under 42 U.S.C. §1983, and that their claims herein are not duplicative of the claims raised in their previously filed actions.

The instant action was filed on December 4, 2008 against Stephen Mayberg and Pam Ahlin as a Petition for Writ of Mandate and civil suit alleging enactment of hospital regulations paying Plaintiffs unconstitutional sub-minimum wages for labor performed while confined at Coalinga State Hospital. (Doc. 1.) This action was initially designated as a general civil case concerning civil rights and was assigned case number 1:08-cv-01859-OWW-SMS (PC). Upon further review, it was determined that this action involves civil detainees litigating the conditions of confinement at a California state hospital such that the designation of the case was correctly changed to a prisoner civil rights action, new judges were assigned, and the case number was changed to 1:08-cv-01859-DLB. (Docs. 3 & 4.) All Plaintiffs consented to jurisdiction by U.S. Magistrate Judge. (Docs. 5-8.)

Upon review of this case, the Court concluded that the action submitted on December 4, 2008 involves a defendant, issues, and factual allegations that are identical to those previously raised in actions filed individually by the Plaintiffs ("Plaintiffs' prior individual suits") as follows:

| | |
|---|---|
| 1:06-cv-01801-AWI-GSA | Allen v. Mayberg, et al. |
| 1:07-cv-00849-SMS | Brown v. Mayberg, et al. |
| 1:07-cv-00850-RC | DeBerry v. Mayberg, et al. |
| 1:07-cv-00897-BLW | Scott v. Mayberg, et al. |

On January 12, 2009, the Court issued an order dismissing this action, 1:08-cv-01859-DLB, as duplicative of the Plaintiffs' prior individual suits, and directing the clerk to close the case. (Doc.

13.) Plaintiffs' filed this motion for reconsideration on January 20, 2009, arguing that 42 U.S.C. §1983 cannot be used to enforce the FLSA and that their claims in this action are not duplicative to those raised in their prior individual suits.  However, Plaintiffs fail to identify any factual distinctions between this action, 1:08-cv-01859-DLB, and Plaintiffs' prior individual suits to show that they are not duplicative.

Plaintiffs' claims regarding their wages can be brought under both 42 U.S.C. § 1983 and the FLSA in the same action. "The controlling principle appears in Fed. R. Civ. P. 18(a) 'A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.'  Thus, multiple claims against a single party are fine, . . . ." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiffs' claims regarding their wages under both 42 U.S.C. §1983 and the FLSA are properly addressed in one action since premised on the same factual allegations and raised against the same defendants.  In dismissing this action as duplicative of the Plaintiffs' prior individual suits, the Court has not restricted Plaintiffs to pursuing their claims under §1983.  Rather, per Fed. R. Civ. P. 18(a), claims for relief under both the FLSA and §1983 may be pursued in the alternative, in Plaintiff's prior individual suits.  Plaintiffs' motion for reconsideration fails because Plaintiffs may pursue claims both under §1983 and the FLSA in one action.

Further, Plaintiffs' prior individual suits have been consolidated in this Court with other similar actions brought by SVP's at Coalinga State Hospital.  (See Allen v. Mayberg, et al., Case No. 1:06-cv-01801-BLW-LMB, Doc. 24, Order Consolidating Cases.)  Thus, the issues raised both in this action and in Plaintiffs' prior individual suits will be dealt with in the consolidated action. Accordingly, Plaintiffs' motion for reconsideration must be denied.

Based on the foregoing, Plaintiffs' Motion for Reconsideration of the Court's Order dismissing this action as duplicative and directing the clerk to close the case filed January 20, 2008, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated: **April 15, 2009**      /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE